MARK R. GIDUS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gidus v. Commissioner
Docket No. 24500-83.
United States Tax Court
T.C. Memo 1987-342; 1987 Tax Ct. Memo LEXIS 342; 53 T.C.M. (CCH) 1328; T.C.M. (RIA) 87342; July 13, 1987
Richard A. Crisonino, for the petitioner. Theresa E. Mitchell, for the respondent. JACOBS
MEMORANDUM OPINION JACOBS, Judge: Respondent determined a deficiency in petitioner's 1982 Federal income tax and additions to tax as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
$ 134,099
$ 13,410
$ 6,705
50% of the
$ 13,054
interest due
on $ 134,099
After the case was at issue, petitioner filed a motion for summary judgment; arguments thereon were heard at a trial *343 session of the Court in Miami, Florida. For convenience, we shall combine our findings of fact and opinion. Petitioner resided in North Miami, Florida at the time the petition was filed. In 1982, petitioner was apprehended by Dade County, Florida authorities and charged with several traffic infractions. Simultaneously, $ 280,505 in cash was found in the vehicle petitioner was driving. The cash was seized, and forfeiture proceedings were commenced by the United States Attorney who claimed that the cash has been used or intended for use in a criminal enterprise. On November 2, 1982, petitioner and his mother filed a claim of ownership with respect to $ 505 of the seized cash. On the same day, an unrelated party, Mr. George Marian, filed a claim of ownership with respect to the remaining $ 280,000. Respondent made a termination assessment pursuant to section 6851 and issued a notice of deficiency to petitioner. In his notice of deficiency, dated June 10, 1983, respondent alleged that the entire amount of seized cash was includable in petitioner's income, and that petitioner had failed to report such income. Petitioner filed a petition in which he alleged that: on January 6, 1982, he *344 was arrested and charged with reckless driving and willfully fleeing a police officer; at such time, $ 280,000 was seized from his vehicle; he did not own such cash, but had been holding it for safekeeping at the request of Mr. Marian, its true owner; and he timely filed his 1982 return and such return reflected gross income of $ 11,349. In his answer to the petition, respondent admitted that on January 6, 1982, petitioner was arrested, but denied that the amount of cash seized was $ 280,000, and alleged instead that $ 280,505 had been seized. Respondent denied petitioner's allegations with respect to his lack of ownership of the cash. Thereafter, petitioner moved for summary judgment. In his motion, petitioner requested judgment in his favor as to all "assessments and penalties which arose out of the seizure by Dade County, Florida, police officers of $ 280,505.00 in U.S. currency contained in the automobile of the petitioner on July 7th, 1982. . . ." [2] Petitioner submitted his own affidavit and that of Mr. Marian in support of his motion. Petitioner, in his affidavit, alleged that on July 7, 1982, [3] he collected $ 280,000 from Mr. Marian and, while transporting it to his house *345 for safekeeping, was stopped by police for "running through an intersection." The $ 280,000, according to petitioner, was seized "along with an additional $ 505.00 in U.S. currency." Petitioner alleged that "at no time did [he] have any interest whatsoever, right, or title or expectation to any of the $ 280,505.00 given to [him] for safekeeping, by George Marian on July 7th, 1982, and seized by Dade County authorities on the same date." Petitioner further alleged that he had not filed a claim seeking the return of the seized $ 280,505, nor would he file such claim. Mr. Marian alleged in his affidavit that he had obtained $ 280,000 by selling an antique tankard to a Mr. Ullrich. Mr. Marian alleged that he requested petitioner to take possession of the $ 280,000 for safekeeping. Mr. Marian further alleged that he is the rightful owner of the $ 280,000 and that he has filed a claim for its recovery. Respondent objected to petitioner's motion for summary judgment and submitted *346 the affidavit of Theresa E. Mitchell, respondent's attorney in this case. Ms. Mitchell, in her affidavit, alleged that she had reviewed respondent's file in this case, and that in the event of trial, "respondent intends to introduce into evidence all facts and circumstances surrounding the possession of the $ 280,505 in currency by petitioner and to cross-examine and impeach the witnesses of the petitioner." At the hearing on petitioner's motion for summary judgment, respondent submitted another affidavit of Ms. Mitchell, substantially identical to her previous affidavit, except the additional allegation that she believes that the evidence would show that Mr. Marian did not include in income the seized cash, which he alleges he owns. Respondent also orally asserted that petitioner is a convicted drug dealer, that the vehicle which petitioner was driving at the time of his arrest was owned by petitioner, and that traces of a controlled substance were found in such vehicle. Petitioner argues that he has supported his motion, as required by Rule 121, and is entitled to summary judgment, whereas, argues petitioner, respondent has failed to set forth specific facts showing that there *347 is a genuine issue for trial. Rule 121 provides that either party may move for a summary adjudication in his favor, and that a decision shall be rendered if there is no genuine issue as to any material fact. Petitioner, the moving party in this case, has the burden of demonstrating that there is no genuine issue as to any material fact, and that he is entitled to judgment as a matter of law. ; . The facts relied on by petitioner must be viewed in the light most favorable to respondent, so that any doubt as to the existence of a genuine issue of material fact will be resolved in favor of denying the motion. ;. Nevertheless, the motion must be granted if we are satisfied that no real factual controversy is present. . Upon examination of the pleadings, petitioner's motion for summary judgment and the affidavits attached *348 thereto, respondent's response and the respective statements of the parties at the hearing herein, we believe there are genuine issues of material fact to be decided in this case. Therefore, summary judgment is inappropriate for two reasons. First, we are unable to determine from petitioner's pleadings and affidavits whether he denies ownership of the entire $ 280,505 seized by the United States, or $ 280,000 thereof. If he admits owning $ 505 of the seized cash, he must show that he reported such income or that it is not taxable income, in order to counter respondent's assertion that he did not report it. He has made no such showing. Secondly, and perhaps more importantly, resolution of the central issue in this case (i.e., whether petitioner was the true owner of the seized cash) will depend in large part on our assessment of both petitioner's and Mr. Marian's credibility. Petitioner claims that he was holding the cash for Mr. Marian; Mr. Marian claims that he obtained the cash by selling a tankard. Respondent claims that petitioner obtained the cash from the sale of narcotics which he failed to include in income. Because of these conflicting contentions, a trial, in which *349 we can observe both petitioner and Mr. Marian and evaluate their testimony, is required. Accordingly, petitioner's motion for summary judgment is denied. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue; all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. We note the inconsistency in the date the pleadings stated that the cash was seized (January 6, 1982) and the date set forth in petitioner's motion and affidavit (July 7, 1982). ↩
3. See note 2. ↩